**FILED**

02/10/2026

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 23-0462

# SYNOPSIS OF THE CASE[1]

**2026 MT 15**, DA 23-0462: CITY OF KALISPELL, Plaintiff v. **SEAN DOMAN,** Defendant.

The Montana Supreme Court has unanimously upheld the conviction of a Kalispell man for obstructing police officers as he filmed a traffic stop from a public sidewalk in July 2022.

Sean Doman was riding his bicycle in Kalispell when he saw a vehicle that had been pulled over. Doman stopped his bicycle next to the stopped vehicle and began filming with his cell phone. Officer Willey, who was conducting the traffic stop, called for backup assistance after he saw Doman gesturing to the vehicle's occupants. Officer Minaglia arrived on the scene and told Doman he could film but needed to move away. Doman responded that he was engaging in protected activity under the First Amendment. The officer agreed but directed him to stand further back. Doman began to argue with him and told him "No" when instructed to move back by a tree. The escalating argument prompted Officer Willey to interrupt what he was doing and come over to assist. Doman again refused to move, repeatedly asking, "Where?" Doman eventually began to back away from the traffic stop while asking, "How far? How far, tyrant?" At that point, Minaglia told Doman that he was under arrest, and the officers handcuffed him.

The City of Kalispell charged Doman with obstructing a peace officer. At his jury trial in Kalispell Municipal Court, Doman argued that his lawful First Amendment activity did not obstruct the officers' ability to conduct the traffic stop. The trial court instructed the jury that citizens have a First Amendment right to film a peace officer who is conducting official duties while enforcing the law but that the right to record police activity is subject to reasonable time, place, and manner restrictions. As provided in the statute, the court also instructed the jury, "It is no defense to a prosecution under this section that the peace officer was acting in an illegal manner, provided that the peace officer was acting under the peace officer's official authority." Doman did not ask the court to dismiss the obstruction charge or otherwise argue that it violated his First Amendment rights. The jury found Doman guilty, and the court imposed a fine.

The Supreme Court held that there was sufficient evidence for a jury to find that Doman knowingly obstructed, impaired, or hindered Willey's ability to issue the driver a citation. Although no one disputed that Doman had a right to record the officers' activities from a public sidewalk, Doman became increasingly aggressive and argumentative as Minaglia ordered him to back away from the scene. Willey said he divided his attention between monitoring Doman and Minaglia's interaction and conducting the traffic stop and that

---

[1] This synopsis has been prepared for the convenience of the reader. It constitutes no part of the Opinion of the Court and may not be cited as precedent.

Doman's conduct and arrest took his attention "basically completely off of the traffic stop." The jury received Minaglia's body camera footage as evidence and heard Minaglia repeatedly state that he did not mind if Doman filmed and agree that Doman had a First Amendment right to do so.

Because Doman did not argue in the Municipal Court that the obstruction statute could not constitutionally be applied to him in this case because he was exercising a First Amendment right when he filmed the traffic stop, the Supreme Court did not consider his constitutional claims.